UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

PATRICK A.,[1]

       Plaintiff,

  v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

       Defendant.

Case No. 1:18-cv-00146-YY

OPINION AND ORDER

YOU, Magistrate Judge:

    Patrick A. ("plaintiff"), seeks judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying his application for Title II Disability Insurance Benefits ("DIB") and Title XVI Social Security Income ("SSI") under the Social Security Act ("Act"). This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Because the Commissioner's decision is not supported by substantial evidence, it is REVERSED and REMANDED for further proceedings.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member(s).

1 – OPINION AND ORDER

# BACKGROUND

Born in 1964, plaintiff was 51 years old on the alleged onset date. Tr. 66. Plaintiff has past relevant work as a concrete mixer driver, delivery truck driver, sheriff's deputy, and dump truck driver. Tr. 27.

Plaintiff has been diagnosed with hypertension, type II diabetes with peripheral neuropathy, severe alcohol use disorder, depression, hyperlipidemia, sleep apnea, obesity, and post-traumatic stress disorder ("PTSD"). Tr. 476, 512-13, 520, 937, 943, 1116, 1149, 1353.

Plaintiff has reported that the sole cause of his PTSD was a traumatic event during his Navy Seal training in which he drowned and had to be resuscitated. Tr. 929. However, as a child, plaintiff suffered from extreme emotional and physical abuse from his father. Tr. 1207. Therefore, Dr. Schlievert has opined that plaintiff's PTSD is related to his childhood abuse, his Navy Seal training, and his work as a sheriff's deputy. Tr. 930. The VA has determined that plaintiff is 100% disabled due to his PTSD. Tr. 934.

Dr. Schlievert concluded that plaintiff's alcohol abuse was a result of his PTSD and that plaintiff used alcohol to manage his anxiety. Tr. 906. Plaintiff reported that he drank a fifth of vodka every day for over thirty years. Tr. 529.

# PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI on January 11, 2016, alleging disability beginning October 1, 2015. Tr. 14. Plaintiff's claims were initially denied on June 29, 2016, and upon reconsideration on October 14, 2016. *Id.* A hearing was held before an Administrative Law Judge ("ALJ") on June 8, 2017, in which the plaintiff testified, as did a vocational expert ("VE"). Tr. 35-60. On August 31, 2017, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 14-28. After the Appeals Council denied his request for

review, plaintiff filed a complaint in this court. Tr. 2-7. The ALJ's decision is therefore the Commissioner's final decision subject to review by this court. 20 C.F.R. § 422.210.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This court must weigh the evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). The reviewing court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

## SEQUENTIAL ANALYSIS AND ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. This sequential analysis is set forth in the Social Security regulations, 20 C.F.R. §§ 404.1520, 416.920, in Ninth Circuit

case law, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)), and in the ALJ's decision in this case, Tr. 15-16.

At step one, the ALJ found plaintiff had not engaged in substantial gainful activity after October 1, 2015. Tr. 16.

At step two, the ALJ found plaintiff has the following severe impairments: obstructive sleep apnea, congestive heart failure, hypertension, type II diabetes with neuropathy, PTSD, major depressive disorder, and alcohol use disorder. Tr. 16-17.

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 17. The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined that he could perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except he must avoid exposure to workplace hazards such as heights and heavy machinery, he can understand, remember, and carry out simple, routine, repetitive tasks, and he can have no more than occasional contact with the general public and coworkers. Tr. 19.

At step four, the ALJ found plaintiff was unable to perform his past relevant work as a concrete mixer, delivery truck driver, sheriff's deputy, or dump truck driver. Tr. 26-27.

At step five the ALJ determined plaintiff could perform jobs that exist in significant numbers in the national economy, including photocopy machine operator, office helper, and small products assembler I. Tr. 27-28.

## DISCUSSION

Plaintiff argues that the ALJ improperly discounted his subjective symptom testimony, rejected the VA disability rating, rejected the medical opinion of Dr. Schlievert, and rejected the law witness testimony of his wife.

I.  **Subjective Symptom Testimony**

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted).  A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).  The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted).  If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

Effective March 28, 2016, the Commissioner superseded Social Security Ruling ("SSR") 96-7p, governing the assessment of a claimant's "credibility," and replaced it with SSR 16-3p.  *See* SSR 16-3p, *available at* 2016 WL 1119029.  SSR 16-3p eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all evidence in an individual's record when evaluating the intensity and persistence of symptoms.  *Id.* at *1-2.  The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other

information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

Plaintiff testified he had to reduce his hours and eventually quit his most recent job as a cement truck driver because the neuropathy in his feet became too painful. Tr. 40. After he quit, he applied for and received unemployment benefits and, while he was receiving unemployment, he applied for other construction jobs. Tr. 41. However, plaintiff explained that after he stopped receiving unemployment, he did not apply for any other jobs. *Id.*

Plaintiff reported that he can lift and carry ten to fifteen pounds and sit for about 45 minutes at a time. Tr. 45-46. Plaintiff can prepare simple meals and goes shopping with his wife. Tr. 47. He reacts violently to workplace conflict and has been in "a ton of fights" while on the job. Tr. 53-54.

### A. Effective Treatment

The effectiveness of treatment is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). Here, the ALJ found plaintiff had "been prescribed Hydrochlorothiazide, Ibuprofen, Lisinopril, and Metformin" and the "medical records show that the medications have been relatively effective in controlling [plaintiff's] symptoms." Tr. 24. However, the ALJ failed to explain the basis for her finding or cite any evidence in the record to support it. The ALJ's reasoning "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (internal quotations and citations omitted); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("General findings are insufficient; rather, the ALJ must identify what testimony is not

credible and what evidence undermines the claimant's complaints.") (citation omitted). Because the ALJ's rationale lacks specificity and support, it is not clear and convincing.

B. **Activities of Daily Living**

In assessing the credibility of a claimant's subjective symptom testimony, an ALJ may invoke activities of daily living to (1) illustrate a contradiction in previous testimony, or (2) demonstrate that the activities meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ found that plaintiff's activities were inconsistent with his testimony, noting that his activities were not "limited to the extent one would expect, given the complaints of disabling symptoms and limitations." Tr. 20. The ALJ observed that, in the function report, plaintiff indicated his impairments "[a]ffect" the abilities of lifting, squatting, bending, standing, walking, kneeling, talking, hearing, climbing stairs, seeing, remembering, completing tasks, concentrating, understanding, following instructions, using his hands, and getting along with others. Tr. 20 (citing Tr. 325). The ALJ found that the function report was inconsistent with plaintiff's testimony that he only had slight difficulty with personal care, and could prepare his own meals, do laundry, go out alone, and go shopping over the phone or by mail. Tr. 20.

It is unclear how any of these activities are inconsistent with the limitations that plaintiff listed in his function report. The mere fact that plaintiff's impairments "affect" certain functions does not preclude the ability to carry out the limited activities he performs. Moreover, engaging in minimal activities or attempting to lead a normal life does not foreclose a claimant from disability benefits. *Orn*, 495 F.3d at 639; *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012) (The "claimant need not vegetate in a dark room to be eligible for benefits.") (citation omitted).

The ALJ also relied on the fact that, in his function report, plaintiff reported "he spent time with others, on a daily basis, but he also had problems getting along with family, friends, and neighbors." Tr. 20 (citing Tr. 324-25). However, those statements are not inconsistent. Plaintiff reported that he "talk[ed]" with others on a daily basis. It is conceivable that plaintiff "talk[ed]" with people yet nevertheless had problems getting along with them. Tr. 325. Accordingly, plaintiff's activities are not inconsistent with his subjective symptom testimony.

### C. Inconsistent Statements

The ALJ found that plaintiff testified "he had not applied for work since receiving unemployment; however, the medical evidence noted [that] during an appointment on April 1, 2016, [plaintiff] met with his social worker earlier than his scheduled appointment at his request, due to a scheduling conflict with his job." Tr. 20. In other words, the ALJ found that the "scheduling conflict with his job" was evidence that plaintiff had applied for a new job after receiving unemployment. However, plaintiff testified that he received unemployment benefits after leaving his job at Southern Oregon Ready Mix, LLC, ("Ready Mix"), and the record reflects that in April 2016 he was still working for Ready Mix. Tr. 40-41, 258. Indeed, plaintiff explained that although his hours were reduced towards the end of his employment, he continued to work for Ready Mix until May 2016. Tr. 48, 54. Thus, the ALJ's finding that plaintiff had obtained a new job in April 2016 is not supported by the record and was not a proper basis for discounting plaintiff's subjective symptom testimony.

### D. Lack of Medical Evidence

The ALJ included in her opinion a sentence that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons discussed in this decision."

Tr. 21. The ALJ merely recited boilerplate language and failed to identify any specific parts of plaintiff's testimony that she found not credible. This is clear error. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("ALJs routinely include this statement in their written findings as an introduction to the ALJ's credibility determination. After making this boilerplate statement, the ALJs typically identify what parts of the claimant's testimony were not credible and why.") (internal citations omitted).

The Commissioner argues that plaintiff has not disputed this rationale. Def's Br. 7. However, as it is merely boilerplate language, it is not a valid rationale upon which the ALJ could have relied. More importantly, while lack of medical evidence is "a factor that the ALJ can consider in [the] credibility analysis," it cannot serve as the sole reason for discrediting plaintiff's testimony. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ failed to provide any other clear and convincing reasons for discounting plaintiff's testimony. Thus, even if the purported lack of medical evidence was a proper reason, it would still be insufficient.

As a separate rationale, the Commissioner cites a sentence in the ALJ's opinion that the "[t]reatment notes in the record do not sustain [plaintiff's] allegations of disability." Def's Br. 6 (citing Tr. 26). This is merely renewed reliance on the purported lack of medical evidence. As with the boilerplate language discussed above, it is devoid of any explanation of "what part of [plaintiff's] testimony were not credible and why." *Treichler*, 775 F.3d at 1103. As such, this rationale is an improper basis for discounting plaintiff's testimony.

The Commissioner also argues in a footnote that the "ALJ found [p]laintiff's alleged physical and mental symptoms not reliable, [but] Plaintiff's Opening Brief only disputes the ALJ's rejection of the mental symptoms." Def. Br. 5 n.2, ECF #16 (citing Pl. Br. 15, ECF #15). However, plaintiff's challenge to the ALJ's credibility findings is not limited to his mental

symptoms. While plaintiff almost exclusively discussed mental symptoms on page 15 of his brief, on the previous page he discussed a number of physical symptoms, including fatigue and diabetic neuropathy in his feet. Pl. Br. 14-15, ECF #15. Furthermore, the ALJ failed to provide any clear and convincing reasons, related to physical *or* mental symptoms, in support of her rejection of plaintiff's subjective symptom testimony. Therefore, the ALJ improperly discounted plaintiff's testimony with regard to both physical and mental symptoms.

## II.  VA Disability Rating

The VA has found that plaintiff is 100% disabled. Tr. 272-73. The ALJ correctly noted that a disability determination by another agency is not binding on the Social Security Administration; nevertheless, the ALJ must ordinarily give great weight to a VA determination of disability. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). To give less weight to a VA determination, the ALJ must provide persuasive, specific, valid reasons that are supported by the record. *Id.* Here, the ALJ noted that during a January 5, 2016 medical appointment, plaintiff exhibited no PTSD or depression. Tr. 20 (citing Tr. 552). However, this was during a visit with a cardiologist, and there is no indication that the cardiologist performed a psychological evaluation to determine whether plaintiff was suffering from PTSD or depression; rather, it appears that the cardiologist was merely noting that, at that point in time, plaintiff did not have a diagnosis of PTSD or depression. Tr. 552. After subsequent psychiatric evaluations, a VA psychologist diagnosed PTSD and depression, and the VA determined that plaintiff was 100% disabled. Tr. 272-73, 906, 1210. Accordingly, the treatment note is not inconsistent with the subsequent VA disability determination and does not constitute a persuasive, specific, valid reason for giving less weight to the VA determination.

The ALJ also found that:

> during the claimant's initial PTSD C&P exam, on April 28, 2016, the examiner indicated, that although the claimant stated that his PTSD was only related to his Navy SEAL training, it was the opinion of the examiner, as a psychologist, that the claimant's traumas did not exist in a vacuum, and that his pre-military trauma made him more vulnerable to further trauma, and this childhood and military trauma, was further compounded by his work as a peace officer, and being exposed to severely traumatic crime scenes.

Tr. 20. The ALJ highlights a possible inconsistency regarding whether plaintiff's PTSD is the result of his military service or a combination of his life experiences. However, that is not a persuasive, specific, valid reason for giving the VA disability determination of PTSD less weight. Accordingly, the ALJ failed to properly discount the VA's disability determination.

### III. Medical Opinion Evidence

The ALJ is responsible for resolving ambiguities and conflicts in the medical testimony. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ must provide clear and convincing reasons for rejecting the uncontradicted medical opinion of a treating or examining physician, or specific and legitimate reasons for rejecting contradicted opinions, so long as they are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). However, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). Additionally, the ALJ may discount physicians' opinions based on internal inconsistencies, inconsistencies between their opinions and other evidence in the record, or other factors the ALJ deems material to resolving ambiguities. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999).

Based on her examination, Dr. Schlievert concluded that plaintiff had "[o]ccupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking and/or mood." Tr. 907. Aside from the reasons proffered for discounting the

VA disability determination, the ALJ did not provide any independent reasons for discounting Dr. Schlievert's opinion. *See* Tr. 20.

The Commissioner does not argue that the ALJ properly rejected Dr. Schlievert's opinion; rather, the Commissioner argues that any error was harmless because the doctor did not offer any specific functional limitations. Harmless error exists if "the mistake was . . . irrelevant to the ALJ's ultimate disability conclusion." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). Here, the error was harmless because the ALJ can disregard a medical opinion that does "not show how [a claimant's] symptoms translate into specific functional deficits which preclude work activity." *Morgan*, 169 F.3d at 601. Moreover, the ALJ limited plaintiff to simple, routine, repetitive tasks with no more than occasional contact with the general public and co-workers. Tr. 19. Therefore, the RFC as assessed by the ALJ is not inconsistent with Dr. Schlievert's imprecise conclusion that plaintiff had deficiencies in judgment, thinking, and/or mood. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008) (holding that the ALJ had adequately translated the claimant's condition into concrete restrictions).

## IV. Lay Witness Testimony

Lay-witness testimony regarding the severity of a claimant's symptoms or how an impairment affects a claimant's ability to work is competent evidence that an ALJ must take into account. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). To reject such testimony, an ALJ must provide "reasons that are germane to each witness." *Rounds v. Comm'r*, 807 F.3d 996, 1007 (9th Cir. 2015) (citations omitted)). Further, the reasons provided must be "specific." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011) (citing *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009)). However, where the ALJ has provided clear and convincing reasons for rejecting a claimant's symptom testimony, and the lay witness has not

described limitations beyond those alleged by the claimant, the ALJ's failure to provide germane reasons for rejecting lay testimony is harmless. *Molina*, 674 F.3d at 1121-22.

The ALJ gave no weight to the lay witness opinion of plaintiff's wife.[2] Tr. 26. The ALJ noted plaintiff's wife reported that plaintiff "was not consistent with his personal care and he needed reminders when taking his medicine," and "did not prepare his own meals, or perform household chores and he did not go shopping." Tr. 26. Yet, the ALJ observed, plaintiff's June 14, 2016 psychological examination indicated that plaintiff was independent in his hygiene and grooming, food preparation, driving a car, performing household chores, and managing his finances. *Id.* at 878. The inconsistencies between plaintiff's wife's testimony and plaintiff's own reports constitutes a specific, germane reason for discounting plaintiff's wife's testimony. *Rounds*, 807 F.3d at 1007.

V.     Remand

When a court determines the Commissioner erred in some respect in making a decision to deny benefits, the court may affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for a rehearing." *Treichler*, 775 F.3d at 1099 (quoting 42 U.S.C. § 405(g)). In determining whether to remand for further proceedings or immediate payment of benefits, the Ninth Circuit employs the "credit-as-true" standard when the following requisites are met: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) the record has been fully developed and further proceedings would serve no useful purpose, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the plaintiff disabled on remand. *Garrison*, 759 F.3d at 1020. Even if all of the requisites

---

[2] At the time she filled out the function report she was a family friend and caregiver. Tr. 39, 367.

13 – OPINION AND ORDER

are met, however, the court may still remand for further proceedings, "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Id.* at 1021.

Here, the first requisite of the *Garrison* test is met, as the ALJ erroneously assessed plaintiff's testimony. However, the second requisite is not met, as the record in this case is not fully developed. Even if plaintiff's improperly discounted testimony were credited as true, it is not clear that the ALJ would be required to find plaintiff disabled because the VE did not provide an opinion as to whether plaintiff would be able to perform jobs that exist in significant numbers in the national economy when taking into account his described limitations. The VE found that plaintiff could still perform at least one job if he were limited to lifting ten to fifteen pounds, but the VE did not address plaintiff's alleged limitation that he could only sit for 45 minutes at a time. Tr. 58.

Plaintiff argues that he is disabled due to his aggressive behavior towards coworkers and supervisors. Pl. Reply 6, ECF #17. The VE testified that if a person has verbal conflicts or is physically aggressive towards coworkers or supervisors on a recurring basis, it would rule out all three jobs that the VE had identified. Tr. 58-59. Here, although plaintiff testified he had been in a "ton of fights" at his construction jobs, he attributed that behavior, at least in part, to the nature of the construction industry. Tr. 48-49. Plaintiff also testified to having "evil thoughts" towards his supervisors when he was working in a jail, but he attributed that to the "highly violent" atmosphere that existed within that workplace. Tr. 54. Thus, it is unclear from the record whether plaintiff's aggressive tendencies were a product of those work environments or whether those tendencies would be present in any work environment.

Furthermore, even if plaintiff's testimony were sufficient to require a finding of disability, a remand would still be necessary because the ALJ found that plaintiff's alcohol abuse

was a severe impairment but did not perform the drug and alcohol analysis. *Monan v. Astrue*, 377 Fed. App'x 629, 630 (9th Cir. 2010) *see also Parra*, 481 F.3d at 746 (citing 42 U.S.C. § 423(d)(2)(C)) ("[A] claimant cannot receive disability benefits 'if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled.'").

On remand, the ALJ must (1) accept plaintiff's testimony or provide legally sufficient reasons for rejecting it, (2) accept the VA's disability determination or provide legally sufficient reasons for discounting it, (3) obtain additional VE testimony regarding what work plaintiff can do, if any, and (4) conduct any additional proceedings as indicated by the results of the foregoing instructions.

## CONCLUSION

For the reasons discussed above, the decision of the Commissioner is REVERSED and this matter is REMANDED for further proceedings.

DATED April 25, 2019.

/s/ Youlee Yim You

Youlee Yim You
United States Magistrate Judge